UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALAN LANGRON,<br>    Plaintiff, | CASE NO. 3:21-cv-1531 (MPS) |
| v. | |
| KONIECKO, et al.,<br>    Defendants. | DECEMBER 8, 2021 |

## ORDER

Plaintiff Alan Langron, incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this case under 42 U.S.C. § 1983. The plaintiff names four defendants: Lieutenant Koniecko, and Correctional Officers York, Duggan, and Berube. The plaintiff contends that he was videotaped by female staff during a non-emergency strip and body cavity search. The plaintiff seeks damages as well as declaratory and injunctive relief from the defendants in their individual and official capacities.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This requirement applies to all prisoner filings regardless whether the prisoner pays the filing fee. *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)). Here, the plaintiff is proceeding *in forma pauperis*.

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

"Although courts must interpret a pro se complaint liberally, the complaint will be dismissed unless it includes sufficient factual allegations to meet the standard of facial plausibility." *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

I.    Allegations

The incident underlying this action occurred while the plaintiff was confined in the Walker building at MacDougall-Walker Correctional Institution. ECF No. 1 ¶ 17. The plaintiff has a history of severe mental illness, having been diagnosed, *inter alia*, with PTSD because of sexual assault as a minor. *Id.* ¶ 18.

On February 19, 2021, defendants Duggan, Berube, and Koniecko escorted the plaintiff to segregation. *Id.* ¶ 19. Female officer, defendant York, was filming the escort on a hand-held camera. *Id.* ¶ 20. When he arrived at the segregation unit, the plaintiff was instructed to remove his clothing and submit to a body cavity search. *Id.* ¶¶ 21-22. As he complied with the orders, the plaintiff saw that defendant York was still filming the procedure and was smiling. *Id.* ¶ 22.

The plaintiff was embarrassed that a female officer was filming the strip search when

such searches are supposed to be conducted in front of male staff only; department directives require that female staff sign off and give the camera to a male officer to record the strip search. *Id.* ¶ 23.  Defendant York continued to record the search and smile while the plaintiff was required to bend and spread his buttocks, given clothes, and escorted to the segregation cell. *Id.* ¶¶ 24-26.

When the plaintiff asked Lieutenant Koniecko why his strip search was recorded by a female officer, Lieutenant Koniecko said that the plaintiff was a gang member and had no rights. *Id.* ¶ 27.

II.     Analysis

Although the plaintiff states that he brings his claim for violation of his rights under the Eighth Amendment, his claim is cognizable as a Fourth Amendment privacy claim.  Thus, the Court considers the complaint brought to redress the violation of Fourth, not Eighth, Amendment rights.

   A.  Fourth Amendment Claim

"A strip search that involves a stranger peering without consent at a naked individual, and in particular at the most private portions of that person's body, is a serious invasion of privacy." *Harris v. Miller*, 818 F.3d 49, 58 (2d Cir. 2016) (citation and internal quotation marks omitted). "Although, generally, the strip search of a male inmate in view of a female correction officer does not, by itself, rise to the level of a constitutional violation, strip searches conducted by members of the opposite sex constitute a heightened invasion of privacy in this Circuit and are thus subject to higher scrutiny than those conducted by members of the same sex." *Holland v. City of New York*, 197 F. Supp. 3d 529, 543 (S.D.N.Y. 2016) (citations omitted); *see also Forts*

3

*v. Ward*, 621 F.2d 1210, 1217 (2d Cir. 1980) ("The privacy interest entitled to protection concerns the involuntary viewing of private parts of the body by members of the opposite sex."). However, "the strip search of a male inmate in view of a female correctional officer does not, by itself, rise to the level of a constitutional violation." *Holland*, 197 F. Supp. 2d at 543.

Courts within the Second Circuit distinguish between "regular" and "close" viewings of a naked prisoner of the opposite sex and "incidental" and "brief" viewings and find viewings of the latter type constitutional. *Id.* (collecting cases). Although most cases focus on the fact that guards of the opposite sex regularly viewed prisoners' bodies, the court in *Holland* noted that the possibility that a single search could violate an inmate's right to privacy is not precluded. *Id.* at 543-44. Indeed, the Second Circuit has stated that "cross-gender strip searches of inmates conducted in the absence of an emergency or other exigent circumstances are generally frowned upon." *Harris*, 818 F.3d at 63 (citations omitted).

For example, in *Abrams v. Erfe*, No. 3:17-cv-1570(CSH), 2018 WL 691714 (D. Conn. Feb. 2, 2018), the plaintiff alleged that he was strip searched in front of a female officer as part of his transfer to the segregation unit. The court found that, in the absence of facts suggesting exigent circumstances, the plaintiff's allegations of a direct and close viewing by a female guard were sufficient to state a plausible Fourth Amendment privacy claim. *Id.* at *10-11. On the other hand, in *Green v. Tavernier*, No. 2:18-cv-1781(CSH), 2019 WL 2915849 (D. Conn May 7, 2019), the court rejected a Fourth Amendment privacy claim where the inmate alleged only that two nurses were able to view his strip search as they walked by the door on their way to the medical unit. *Id.* at *4-5.

In addition, courts in the Second Circuit have found that "the humiliation caused by strip

searches may be sufficient to make out a claim when conducted intentionally to harass or embarrass the plaintiff.*"* *Brown v. City of New York*, No. 18 CV-3287(JPO), 2020 WL 1819880, at *5 (S.D.N.Y. Apr. 9, 2020) (internal quotation marks and citation omitted).

The plaintiff alleges that Officer York recorded the entire strip search on the hand-held camera and smiled at him the entire time. He alleges that no emergency or exigent circumstances existed and nothing in the allegations suggests that one of the other officers could not record the search or that another male officer was unavailable to do so. None of the other defendants acted to prevent the violation of the plaintiff's right to privacy. Further, the plaintiff specifically alleges that Lieutenant Koniecko said he had no rights. Although the plaintiff alleges that he was embarrassed, the Court cannot determine on the current record whether Lieutenant Koneicko intended this result. However, the allegations are sufficient to state a plausible Fourth Amendment privacy claim against the defendants based on close viewing by Officer York.

B. Official Capacity Claims

The plaintiff names the defendants in their individual and official capacities. He does not state whether he seeks damages in their individual or official capacities. The Eleventh Amendment prohibits an award of damages against state officials in their official capacities unless the state has waived that immunity or Congress has abrogated it. *Kentucky v. Graham*, 473 U.S. 159, 169 (1995). Section 1983 does not abrogate state sovereign immunity. *Quern v. Jordan*, 440 U.S. 332, 343 (1979). Nor has the plaintiff alleged facts suggesting that the state has waived it. Thus, any claims for damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

The plaintiff also seeks a declaration that the defendants violated his constitutional rights. Declaratory relief serves to "settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationship." *Colabella v. American Inst. of Certified Pub. Accountants*, No. 10-cv-2291(KAM)(ALC), 2011 WL 4532132, at *22 (E.D.N.Y. Sept. 28, 2011) (citation omitted). As such, "[d]eclaratory relief operates prospectively to enable parties to adjudicate claims before either side suffers great damages." *Orr v. Waterbury Police Dep't*, No. 3:17-cv-788(VAB), 2018 WL 780218, at *7 (D. Conn. Feb. 8, 2018). In *Orr*, the court dismissed the request for declaratory judgment that the defendants had violated the plaintiff's Fourth Amendment rights during his arrest because the request "concern[ed] past actions." *Id.* The plaintiff seeks declaratory relief based on an incident that occurred nearly a year ago. Thus, his request for declaratory relief is not cognizable and is dismissed.

III.    Conclusion

All claims for damages against the defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). The request for declaratory relief is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

The case will proceed on the Fourth Amendment privacy claim for damages against the defendants in their individual capacities only.

The Court enters the following orders:

(1)    **The Clerk shall** verify the current work addresses for each defendant with the Department of Correction officer of Legal Affairs, mail a waiver of service of process request packet containing the Complaint and this Order to each defendant at the address provided within

6

**twenty-one** days of this Order, and report to the court on the status of the waiver request on the thirty-fifth day after mailing.  If any defendant fails to return the waiver request, the Clerk shall arrange for in-person service by the U.S. Marshal Service on the defendant in his or her individual capacity and the defendant shall be required to pay the cost for such service.

(2)     The Clerk shall prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the Complaint on the defendants in their official capacities at the Office of the Attorney General, 165 Capitol Avenue, Hartford, CT 06106, within twenty-one (21) days from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(3)     **The Clerk shall** send the plaintiff a copy of this Order.

(4)     **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)     The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date service is effected.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)     If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(10)    The plaintiff **shall** utilize the Prisoner Efiling Program when filing documents with the court. The plaintiff is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defendant's counsel by regular mail.

(11)    The Clerk shall immediately enter the District of Connecticut Standing Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates and shall send a copy to plaintiff

**SO ORDERED** this 8th day of December 2021 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge